## ROBBINS v QUINN

Ohio Appeals, 2nd Dist, Miami Co

No 305. Decided May 1, 1933

George W. Porter, Greenville, and Baird Broomhall, Troy, for plaintiff in error.

W. A. Haines, Troy, and Kerr, Kerr & Kerr, Troy, for defendant in error.

## OPINION

By KUNKLE, J.

We have considered these briefs and have also read the record in this case. The record is quite voluminous consisting of 345 pages of transcript together with a number of exhibits attached to the bill of exceptions.

One of the questions stressed by counsel for plaintiff in error in their brief is that the verdict of the jury is against the manifest weight of the evidence.

The grounds upon which the will in question was contested related to the physical and mental condition of the decedent at and for sometime before the execution of the will and to the undue influence which it is claimed the defendant, Russell Quinn, exerted over the decedent in securing the execution of the will.

The record in some respects discloses a very unusual situation. There is ample evidence in the record to warrant the conclusion that Russell Quinn was an illegitimate son of the decedent; that Russell Quinn's Mother was a sister of the plaintiff in error herein and at the time of his birth was the wife of Thomas Quinn with whom she was then and for a number of years had been living as husband and wife; that by reason of this relationship there had always been a strong affection between Russell Quinn and the decedent.

It was at the home of Russell Quinn that the decedent died.

While portions of the testimony of the plaintiff tend to show that the relations between the decedent and his wife, the plaintiff in error, were of a friendly nature there is much testimony to the contrary and the circumstances and their mode of living tend to demonstrate the fact that the relations between the decedent and his wife, the plaintiff in error, were of a more or less strained nature and had been for some time. The record does clearly disclose that his wife some years ago brought suit for divorce upon the ground of adultery, but this proceeding was afterwards dismissed.

Upon the question of the mental capacity of the decedent at and shortly prior to the execution of the will and upon the question of undue influence upon the part of Russell Quinn the record is replete with evidence and to discuss the same in detail would require a repetition of a very substantial part of the 300 odd pages of the record. This is impracticable in an opinion of this nature. It is also unnecessary as counsel are thoroughly familiar with the record.

Upon our consideration of the record and the briefs of counsel we are of opinion that the record discloses ample testimony, which if believed by the jury, would support the verdict. Our reading of the record leads us to the conclusion that the verdict is in harmony with the weight of the testimony.

The court prior to the argument of counsel submitted various special instructions asked for both by counsel for plaintiff in error and counsel for defendant in error.

We find no error in the trial court in such respects. The general charge of the trial court covered the case in detail and we think fully and fairly presented the case to the jury for its consideration.

Counsel for plaintiff in error in their brief complain of the failure of the court to specifically define the term "circumstantial evidence." Counsel cite the court to a line of decisions holding that it is prejudicial error for the trial court to fail to define the issues of fact in the case to the jury. This line of cases begins with the decision of Judge Davis as found in the case of Railroad v Lockwood, 72 Oh St, page 590.

The syllabus in this case is as follows:

"In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied. It is error to read the pleadings to the jury and then to say to the jury, and not otherwise to define the specific issues, that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties."

The above and many other cases cited relate to the failure of the trial court to define the issues of fact in the case as raised by the pleadings. The issues of fact in this case as raised by the pleadings were clearly set forth by the trial court in its charge to the jury. This line of cases does not discuss or refer to a failure to define words or terms used in a charge.

In addition to the above, the record discloses the following state of facts, viz: At the conclusion of the general charge of the court to the jury the following occurred as appears from page 344 of the record, namely.

"I believe that covers the ground unless counsel have some suggestion to make.

Counsel for defendant: We have nothing, Your Honor.

Mr. Porter: If the court please, should the jury be instructed in regard to definition of circumstantial evidence?

The Court: I don't think that is necessary. I think you have that covered very fully in your fifth special charge.

Mr. Broomhall: Yes, that is true.

The foregoing comprises all the charges

of the court as given to the jury at said trial.

Mr. Broomhall: The plaintiff excepts to the charge and to each and every part thereof.

Mr. Kerr: The defendant enters exceptions to the charge of the court."

The above constitutes the record as certified to us by the trial court as to what transpired in reference to the suggestion of a definition being given of "circumstantial evidence."

Under this state of the record, the plaintiff in error is clearly not entitled to complain.

We have considered all the grounds of error urged by counsel for plaintiff in error in their brief, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.